FILED
2009 Feb-23 PM 02:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VALENTIN GARCILAZO; MARIELEN HURTADO, | } } } |
| Plaintiffs, | } } |
| vs. | } }   CASE NO. CV 07-B-1561-S } |
| MARTIN BUILDING MAINTENANCE, INC., | } } } |
| Defendant. | } } } } |

**FINDINGS AND CONCLUSIONS**

This case is before the court on plaintiffs' Motion for Entry of Default and Entry of Default Judgment. (Doc. 17.)[1] The clerk of the court has entered a default against defendant Martin Building Maintenance, Inc. (Doc. 12.) The court makes the following findings and conclusions:

 1. Plaintiffs properly served defendant on August 30, 2007. To date, defendant has failed to appear, plead, or otherwise defend.

 2. Defendant Martin Building Maintenance, Inc. is an employer engaged in commerce within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). (Doc. 1, ¶¶ 7 & 8.)

 3. In their well-pleaded Complaint, plaintiffs allege that defendant failed to

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

comply with the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 206, by not paying plaintiffs a minimum wage for the period of February 1, 2007 to March 30, 2007. (Doc. 1, ¶¶ 1, 15, 16-19.) Plaintiffs also assert a claim pursuant to Alabama law for $462.18 owed to plaintiff Marielen Hurtado ("Hurtado") for breach of an oral employment contract. (Doc. 1, ¶¶ 1, 20-24).

Plaintiffs were employed by defendant at a rate of $1,200 per month to clean buildings. (Doc. 1, ¶ 12.) From February 1, 2007, until March 30, 2007, plaintiffs worked an average of 15 hours per week but were never paid for that work. (Doc. 1, ¶ 13.) They received paychecks on February 9, 2007, but were unable to cash them due to insufficient funds in defendant's account. (Doc. 1, ¶ 13.) Defendant never attempted to pay plaintiffs for their work in March 2007. (Doc. 1, ¶ 14.) Nor did Hurtado receive an additional $462.18 that had been agreed upon. (Doc. 1, ¶ 13.)

Because defendant has failed to defend against these allegations and is in default, the court finds that these facts are admitted. *See Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005)(defaulted defendant is deemed to admit plaintiff's well-pleaded allegations of fact). Defendant's liability for failure to pay plaintiffs is therefore established. *See* 29 U.S.C. § 216(b) (damages for failure to comply with minimum wage requirement); *see, e.g.*, *Goolesby v. Koch Farms, LLC*, 955 So. 2d 422, 427 (Ala. 2006)("As a general rule, damages in a breach-of-contract action are that sum which would place the injured party in the same condition he would have occupied if the contract had not been breached." (quotation omitted)).

4.	Plaintiffs, along with their counsel, have submitted affidavits attesting to the truth and accuracy of the Complaint and that they are entitled to judgment against the defendant in the amount of $13,922.18.  (Doc. 17, Aff. 1-3.)  Plaintiff Garcilazo is entitled to unpaid wages in the amount of $2,400.00 and liquidated damages in the amount of $2,400.00, or $4,800.00 total.  Plaintiff Hurtado is entitled to unpaid wages in the amount of $2,862.18 and liquidated damages in the amount of $2,400.00, or $5,262.18 total.  Attorney's fees are due to plaintiffs' counsel in the amount of $3,860.00.  A judgment in favor of plaintiffs and against defendant for the sum of $13,922.18 will be entered contemporaneously with these Findings and Conclusions.

**DONE** this the 23rd day of February, 2009.

*[signature: Sharon Lovelace Blackburn]*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE